James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

GREAT AMERICAN DISCOUNT AND CREDIT COMPANY, Inc., a Corporation, et al., Defendants.

Civ. A. No. 3282-N.

United States District Court, M. D. Alabama, N. D.

Feb. 2, 1972.

Beverley R. Worrell, Regional Sol., U. S. Dept. of Labor, Atlanta, Ga. for plaintiff.

Frank W. Riggs, III, Montgomery, Ala., for defendants.

## MEMORANDUM OPINION AND JUDGMENT

VARNER, District Judge.

This is a proceeding to enforce the provisions of the Fair Standards Act against Defendant employment services.

Plaintiff, as Secretary of Labor, seeks to have this Court enjoin Great American Discount and Credit Company, Inc., and Darrell Walker from violating 29 U.S.C. §§ 206(a) (1), 206(b), 211(c), 215(a) (2), and 215(a) (5) (Fair Labor Standards Act), as amended, including the restraint of the withholding of such payments of minimum wage and overtime compensation as may be found by the Court to be due under the Act to Defendants' employees. Plaintiff says that the Defendant corporation is engaged, within the jurisdiction of this Court, in the business of operating employment agencies; that Defendant, Darrell Walker, within the jurisdiction of this Court, is engaged in the business of operating employment agencies under various names and styles, and in addition is, and was at all times material to this case, president of Defendant corporation, in active control and management of the corporation and, as such, was and is an employer within the meaning of the Act.

Plaintiff further says that since March, 1968, Defendants' employees have been and are engaged in the preparation, handling and performing other clerical duties in connection with correspondence, resumes, records and other goods substantial quantities of which have been and are shipped in interstate commerce, and in the taking and placing of out-of-state telephone calls, and that by reason of such activities said employees are and were engaged in commerce within the meaning of the Act.

Plaintiff says that Defendants, through unified operation and common control, engage in a business that qualified as an "enterprise" within the meaning of 29 U.S.C. § 203(r); and that said enterprise at all times subsequent to January 31, 1969, has had an annual gross vloume of sales made or business done in an amount not less than $250,000.00. Therefore, Plaintiff says that the enterprise is engaged in commerce and its employees are covered under the provisions of the Act within the meaning of 29 U.S.C. § 203(s) (1).

Plaintiff further says that Defendants have violated and continue to violate the provisions of 29 U.S.C. §§ 206(a) (1) and 215(a) (2) by paying some of their employees engaged in commerce within the meaning of the Act at rates less than those required by law; and that Defendants have violated and continue to violate 29 U.S.C. §§ 211(c) and 215(a) (5) by failing to make, keep and preserve records accurately and adequately reflecting wages, hours and other conditions and practices of employment.

Plaintiff seeks to have this Court enjoin Defendants from violating 29 U.S.C. § 621 et seq (Age Discrimination in Employment Act of 1967). Plaintiff says that Defendants, within the jurisdiction of this Court, since March, 1968, were and are an employment agency within the meaning of the Act.

Plaintiff further says that Defendants have violated and continue to violate the provisions of 29 U.S.C. § 623(b) by failing and refusing to refer individuals who are between 40 and 65 years of age for employment because of such individual's age and by classifying and referring individuals for employment on the basis of their ages; and that Defendants have and are violating the provisions of 29 U.S.C. § 623(e) by printing and publishing and causing to be printed and published notices and advertisements relating to classifications and referrals for employment indicating discrimination based upon age.

The Plaintiff has dismissed its suit against the Great American Discount and Credit Company, Inc., and will proceed against Darrell Walker alone as the Defendant. By agreement of counsel,

monetary matters will be considered in a separate hearing at a later date.

## FIRST CAUSE OF ACTION

■ The Plaintiff's first cause of action is that the Defendant violated the Fair Labor Standards Act, 29 U.S.C., § 201 et seq. Employees of Defendant Walker were engaged in interstate commerce by preparing mail and documents to be sent out of state, participating in interstate telephone calls, writing and communicating advertisements to newspapers distributed interstate. Allen v. Atlantic Realty Co., 384 F.2d 527 (C.C. A. 5), cert. den. 390 U.S. 989, 88 S.Ct. 1185, 19 L.Ed.2d 1294; Mabee v. White Plains Publishing Co., Inc., 327 U.S. 178, 66 S.Ct. 511, 90 L.Ed. 607; New Mexico Public Service Co. v. Engel, 10 Cir., 145 F.2d 636. The Act, 29 U.S.C., § 203(r), defines "enterprise" as:

> "The related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units * * *."

There are three elements to be considered: (1) Related activities; (2) Common control or unified operation; and (3) Common business purpose. Wirtz v. Savannah Bank and Trust Co., 5 Cir., 362 F.2d 857, 859; Shultz v. Morris, D. C., 315 F.Supp. 558, 561, affm'd 437 F.2d 896. Related Walker businesses constituted an enterprise.

One of the defenses offered by the Defendant Walker seems to be dispositive of the matter. Defendant insists that he falls within an exception provided in Title 29, U.S.C. § 213(a) (2), to the effect that the requirements do not apply to "any employee employed by any retail or service establishment, more than 50 per cent of which establish-

ment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located. * * * A 'retail or service establishment' shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry; * * *."

■ The burden of proving that he lies within the exception is on the Defendant. Mitchell v. Kentucky Finance Co., 359 U.S. 290, 79 S.Ct. 756, 3 L.Ed. 2d 815.

■ In the mind of this Court, under uncontradicted evidence in this case, the above exception clearly applies to the business practices of the Defendant Walker. His employees are employed by employment services of which virtually all[1] of the annual dollar income is made within the states where they are located and the service which they sell, the location of a job for a customer, is not for resale. The undenied evidence was that there is a distinction between wholesale and retail sales or services in the employment service business and that virtually all of Defendant's business is in retail services.

The government seeks to distinguish the business of the Defendant from that defined in the exception on the basis of the rationale of Mitchell v. Kentucky Finance Co., supra. That case involves the question of whether a lending agency falls within the terms of the exception. The Supreme Court in that case points out that, prior to 1949, Section 13(a) (2) exempted from the provisions of the Fair Labor Standards Act:

> "Any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in interstate commerce * * *;"

that the administrator had ruled before 1939 that loan companies and other business entities in the financial industry

[1]. In the Memphis office, the office most concerned with serving out-of-state customers, only 149 of 2,855 job applicants resided out of state during a representative 18-month period and only 19 of these were placed.

were not within the scope of that exemption[2]; and that, when Congress amended the Act in 1949, it provided that pre-1949 rulings and interpretations by the administrator should remain in effect unless inconsistent with the statute as amended. Mitchell v. Kentucky Finance Co., supra. It further pointed out that the present Section 13(a) (2) [adopted in 1949] differs from its predecessor primarily in the addition of a definition of the term "retail or service establishment," such an establishment being one "75 per cent of whose annual dollar volume of sales of goods or services is not for resale and is recognized as retail sales or services in the particular industry;". Plaintiff insists that, since the Court ruled that the addendum to the section did not bring the loan business into the exemption, it likewise could not bring the employment agency business in the exception since the employment agency business was also ruled by the administrator prior to 1949 not to be within the exception.

Defendant, in this Court's view, demonstrates a valid distinction from the loan business as described in *Mitchell*, supra. The reason for excluding the loan business from the exception is that the loan business obviously is not a "retail or a service establishment". Nothing in the 1949 amendment changed this, and the interpretative bulletin of the administrator, No. 6, should, therefore, remain in effect as to the loan business. As pointed out in *Mitchell*, supra,

"Before 1949, the Administrator, in interpreting the term 'retail or service establishment,' then nowhere defined in the statute, had, in addition to excluding from the coverage of the exemption personal loan companies and other financial institutions, ruled that

a business enterprise generally would not qualify as such an establishment unless 75 per cent of its receipts were derived from the sale of goods or services 'to private persons to satisfy their personal wants,' on the theory that sales for business use were 'non-retail'." (Emphasis supplied)

But that

" * * * Congress was dissatisfied with this construction of the statute, (and) * * * passed the 1949 amendment to § 13(a) (2) to do away with the rule that sales to other than individual consumers could not qualify as retail in deciding whether a particular business enterprise was a 'retail or service establishment,' and to substitute a more flexible test, under which selling transactions would qualify as retail if they (1) did not involve 'resale,' and (2) were recognized in the particular industry as retail."

Obviously the reason the employment service was excluded from the exemption by the administrator was that the "sale of services" of employment agencies were not "to private persons to satisfy their personal wants". When Congress did away with the requirement for satisfaction of personal wants, it placed the employment service clearly within the exemption if 75 per centum of its dollar annual volume of sales or services is not for resale and is recognized as retail sales or services in the particular industry. These facts, including a clear distinction between retail and wholesale employment services[3], were carefully and clearly proved by the Defendant in this case by virtually all of the early government witnesses and were never denied. The reasoning of 29 C.F.R. 779.317 is, therefore, inapplicable in this case. Interpretative Bulletins, while entitled to great weight, are not binding on courts.

---

2. Interpretive Bulletin No. 6, page 9, paragraph 29.

3. Defendant proved without contradiction the present distinction between the retail employment agency business where agencies, such as Defendant's, seek to place individual employees directly in contact with employers, and the wholesale employment agency business where wholesale agencies seek to place a large group of potential employees in contact with other agencies which have contacts with potential employers.

Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124; Foremost Dairies, Inc. v. Wirtz, 5 Cir., 381 F.2d 653.

It is, therefore, the opinion of this Court that the Defendant falls squarely within the exemption provided in Section 13(a) (2) of the statute and that the government has failed to prove its First Cause of Action.

## SECOND CAUSE OF ACTION

 It was virtually conceded by the Defendant that he had violated 29 U.S.C. § 623(e), to the effect that it is unlawful for an employment agency to cause to be printed any advertisement relating to any classification for employment indicating any preference based on age. The several advertisements in the Huntsville newspapers clearly established this violation, 29 C.F.R. 860. Therefore, Defendant should be enjoined from other violations of this statute.

It was, however, not established that the Defendant had been practicing age discrimination, as government witnesses testified unequivocally that it was clearly the practice of the Defendant not to allow age discrimination to be practiced. Therefore, there was no violation of Title 29, U.S.C., § 623(b), to the effect that:

> "It shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age."

The Plaintiff failed to carry its burden of proving such a violation; indeed, the preponderance of evidence was against it.

Accordingly, it is the

Order, judgment and decree of this Court that the Defendant, Darrell Walker, his agents, servants or employees, be, and they are hereby, enjoined and restrained from further violation of the provisions of 29 U.S.C., § 623(e), by printing and publishing or causing to be printed or published notices of advertisements relating to classifications or referrals for employment which indicate preferences, limitations, specifications or discrimination based upon age. It is the further

Order, judgment and decree of this Court that the costs in this cause be, and the same are hereby, taxed against the Defendant, for which let execution issue.